UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SUTARTO ANTAREDJO,

    Plaintiff(s),

v.

NATIONSTAR MORTGAGE, et al.,

    Defendant(s).

2:13-CV-1532 JCM (CWH)

**ORDER**

Presently before the court is defendants Nationstar Mortgage's and First Horizon Home Loan's motion to dismiss plaintiff Sutarto Antaredjo's complaint with prejudice. (Doc. #5). Plaintiff has responded (doc. #9), and the defendants have replied (doc. #10).

**I.    Background Facts**

The instant dispute concerns property located at 8456 Benicasim Court, Las Vegas, Nevada 89178 ("the property"). (Doc. #1 at 5). Plaintiff acquired ownership of the property on or around December 12, 2005, by obtaining a $405,900 loan from First Horizon Home Loan Corporation ("FHHLC") which was secured with a deed of trust encumbering the property. (Doc. #5 at 2). Plaintiff also obtained a $50,700 home equity line of credit from FHHLC, which was secured with a junior deed of trust encumbering the property. (Doc. #5 at 2-3).

Plaintiff filed the instant complaint on July 18, 2013, alleging four causes of action: (1) declaratory relief, (2) deceptive or unfair trade practices, (3) fraud, and (4) violations of NRS § 104 et seq. (UCC). (Doc. #1). In the prayer for relief, plaintiff requests: (1) declaratory relief that the

**James C. Mahan**
**U.S. District Judge**

1  defendants cannot collect upon the note, (2) damages in amounts to be proven at trial, (3) damages
2  according to statute, and (4) attorneys's fees and costs. (Doc. #1 at 8-9).

3  **II.  Legal Standard**

4  A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can
5  be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain
6  statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell*
7  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual
8  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements
9  of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual
10 allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to
11 survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to
12 relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

13 In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when
14 considering motions to dismiss. First, the court must accept as true all well-pled factual allegations
15 in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.
16 Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not
17 suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint
18 allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's
19 complaint alleges facts that allows the court to draw a reasonable inference that the defendant is
20 liable for the alleged misconduct. *Id*. at 1949.

21 Where the complaint does not permit the court to infer more than the mere possibility of
22 misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*.
23 (internal quotations omitted). When the allegations in a complaint have not crossed the line from
24 conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

25 **(1)  Motion to Dismiss**

26 Plaintiff argues in his opposition to the motion to dismiss that the motion is actually one for
27 summary judgment and, accordingly, he should be allowed reasonable time to conduct discovery.

28

James C. Mahan
U.S. District Judge

- 2 -

Federal Rule of Evidence 201(b) permits judicial notice of any "fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." This court may consider facts subject to judicial notice in deciding a Rule 12(b)(6) motion. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 971, 991 (9th Cir. 2009).

The grant, bargain, sale deed, senior deed of trust, and the junior deed of trust are recorded documents in the official records of Clark County, Nevada. Because these documents are officially recorded, their accuracy cannot be reasonably questioned and are thus subject to judicial notice. Accordingly, the court may take judicial notice of these documents without converting the motion to dismiss into a motion for summary judgment.

**(2)  Deceptive or Unfair Trade Practices**

Plaintiff alleges that defendants violated deceptive trade statutes enumerated in NRS § 598.091 et seq. and NRS § 598A. Defendants argue that this claim fails because it is not pled with particularity.

Fed. R. Civ. P. 9(b) requires that claims for fraud be filed with particularity. Because plaintiff's complaint does not assert the time, place and substance of the fraud and specifically detail the defendants' wrongful acts, the complaint is not plead with particularity. *See, e.g., Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). Moreover, plaintiff consents to the dismissal of his second claim in his opposition. (Doc. #9). Accordingly, this claim is dismissed.

**(3)  Fraud**

Plaintiff asserts defendants committed fraud by failing to inform plaintiff that the loan had been improperly transferred, assigned, hypothecated, cancelled, securitized, or otherwise extinguished without plaintiff's knowledge or consent.

Any claim of fraud must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* To meet this standard, the plaintiff must present details regarding the "time, place, and manner of each act of fraud, plus the role of each

defendant in each scheme." *Lancaster Com. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

Plaintiff does not plausibly identify an affirmative misrepresentation that either defendant made. These allegations are insufficient to meet the heightened pleading requirement for claims of fraud under Rule 9(b). Furthermore, this court has held that a borrower lacks standing to challenge the validity of an assignment or to enforce the terms of a pooling and servicing agreement (PSA). *Burd v. JP Morgan Chase*, Case No. 2:13-cv-337-JCM-PAL (D. Nev., April 25, 2013). Because plaintiff lacks standing to challenge the validity of the assignment, this claim is dismissed.

**(4)    Violations of NRS § 104 et seq. (UCC)**

Plaintiff alleges that defendants violated NRS § 104 et seq. (UCC) by failing to provide a proper transfer or assignment of the note or to inform plaintiff of such assignment. Plaintiff claims defendants extinguished their authority to collect under the UCC statutes yet failed to inform plaintiff of said extinguishment.

Defendants argue that this fourth claim for relief fails for two reasons. First, because plaintiff failed to cite a provision of NRS § 104 that would support his claim that the assignment of the note was invalid. Second, because plaintiff lacks standing to challenge the validity of the assignment or enforce the terms of the PSA, as the plaintiff is neither a party nor an intended third-party beneficiary under either document. *See Burd v. JP Morgan Chase*, Case No. 2:13-cv-337-JCM-PAL (D. Nev., April 25, 2013).

It is well established that securitization does not inherently change the "existing legal relationship between the parties to the extent that the original parties cease to occupy the roles they did at the closing." *Reyes v. GMAC Mortgage, LLC.*, 2:11–cv–100–JCM–RJJ, 2011 WL 1322775, (D.Nev.2011). "Securitization of a loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust." *Id.* (collecting cases). Because "securitization merely creates a separate contract, distinct from plaintiffs' debt obligations[ ] under the note and does not change the relationship of the parties in any way, plaintiffs' claims arising out of the securitization fail." *Id.* at 3 (citing *Commonwealth Prop. Advocates, LLC v. First Horizon Home Loan Corp.*, No.

James C. Mahan
U.S. District Judge

- 4 -

2:10–cv–375, 2010 WL 4788209, at 4 (D.Utah Nov. 16, 2010) (quotation marks and citation omitted)). In addition, the deed of trust clearly states that the loan may be serviced by a third party. *See* Doc. #9, Ex. A.

Because plaintiff lacks standing to challenge under NRS § 104, this claim is dismissed.

**(5)   Derivative Request for Remedies**

Plaintiff requests a declaration from the court that the defendants cannot collect upon the note, requests damages in amounts to be proven at trial, damages according to statute, and attorneys's fees and costs.

Declaratory and injunctive relief are merely remedies, not stand-alone causes of action. Whereas defendants' motion to dismiss is granted in its entirety, plaintiff is not entitled to the requested relief.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. #5) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk shall enter judgment and close the case.

DATED January 27, 2014.

_____
**UNITED STATES DISTRICT JUDGE**